# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JEFFREY AARON,

    Plaintiff,

v.                                                        Case No. 11-13567

KATHLEEN KIMMEL and LANNY AKERS,

    Defendants.
                                                   /

## ORDER DENYING PLAINTIFF'S MOTIONS FOR RECONSIDERATION

Plaintiff Jeffrey Aaron, an inmate, sued Defendants, two prison officials, for state law torts and, under 42 U.S.C. § 1983, for retaliating in violation of the First Amendment. Finding that Defendants enjoyed no qualified immunity, the magistrate judge issued a report recommending denial of Defendants' motion for summary judgment. Defendants objected to the magistrate judge's recommendation, and Plaintiff responded (but submitted no objection). The district court sustained the objection, rejected the recommendation, granted the motion for summary judgment on the ground that qualified immunity protects Defendants, and relinquished jurisdiction for the state law claims. A judgment issued on June 29, 2012. On July 11, 2012, Plaintiff moved for reconsideration under Rules 59(e) and 60(b), and on October 29, 2012, Plaintiff moved to "amend" the motion for reconsideration.

Although Plaintiff cites both Rule 59(e) and Rule 60(b), only Rule 59(e) governs a motion for reconsideration submitted, as the July 11 motion was, no more than twenty-eight days after a judgment. 12 *Moore's Federal Practice* § 59.30[7]; *see also Helm v.*

*Resolution Trust Corp.*, 43 F.3d 1163, 1167 (7th Cir. 1995) ("This bright-line rule . . . reduces the confusion often caused when movants haphazardly title and characterize motions asking that a judgment be re-opened.").

A Rule 59(e) motion typically may not raise a new argument. *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998). The magistrate judge and the district court both addressed whether the First Amendment protected an apparent threat by the Plaintiff to file a grievance. In the July 11 motion, however, Plaintiff says "he has consistently held that his first instance of protected conduct" occurred when he complained, outside the grievance process, to a prison official's supervisor. (Pl.'s Mot. for Recon. 2, Dkt. # 20.) According to Plaintiff, *Siggers-El v. Barlow*, 412 F.3d 693, 699-700 (6th Cir. 2005), holds that "appealing to a prison supervisor" is protected conduct.

In his papers to the magistrate judge, Plaintiff mentioned twice that "appealing to a prison supervisor" constitutes protected conduct. First, citing *Siggers-El*, Plaintiff asserted that "his appealing to a prison supervisor [was] protected conduct." (Pl.'s Mot. for J. on the Pleadings 4, Dkt. # 9.). Second, Plaintiff stated, "[Plaintiff] has shown that he was engaged in the protected conduct of 'appealing to a prison supervisor.'" (Pl.'s Resp. to Def.'s Mot for Summ. J. 4, Dkt. # 13.) Plaintiff provided no further discussion. Understandably, the magistrate judge, when discussing protected conduct, proceeded to address only Plaintiff's argument that the threat to file a grievance enjoyed protection. (R&R 7, Dkt. # 15.)

An undeveloped argument is waived. *Hensley v. Gassman*, 693 F.3d 681, 688 n.6 (6th Cir. 2012). Plaintiff's solitary remarks might therefore waive the argument that

an "appeal" to a supervisor is protected.  No ruling on the matter is needed, because Plaintiff waived the "appeal" argument more decisively after the report and recommendation issued.  If a party disagrees with part of a report and recommendation, the party must either raise the disagreement in an objection or waive the disagreement. *Howard v. Sec. of Health & Human Servs.*, 932 F.2d 505, 508-09 (6th Cir. 1991).  Plaintiff submitted no objection to the report and recommendation, and Plaintiff's response to Defendants' objection mentions only that Plaintiff "made numerous complaints and stated his intent to grieve."  (Pl.'s Resp. to Defs. Obj. 3.)  As a result, Plaintiff waived the argument that his complaint to a prison supervisor was protected conduct.

The waived argument fails also because Plaintiff reads *Siggers-El* too broadly.  *Siggers-El* involved a plaintiff who needed to withdraw money from an account to pay his attorney.  After a prison official obstructed the withdrawal the plaintiff complained to the official's supervisor, which, the plaintiff contended, led to retaliation by the official.  The defendant argued that "orally complain[ing] to a[ prison] officer's superior" is not protected conduct.  412 F.3d at 699.  *Siggers-El* disagrees with the defendant, but not on the ground that a complaint to a supervisor is protected.  The decision states:

> The [d]efendant's characterization of the [p]laintiff's conduct is not accurate.  The [p]laintiff's conduct is not simply that of going over the [d]efendant's head in lodging a complaint.  Rather, the [p]laintiff's petition to the [d]efendant's supervisor was a part of his attempt to access the courts.

*Id.* at 699.  While explaining why the defendant allegedly violated clearly established law, *Siggers-El* says, "A reasonable officer would certainly know that the right to access the courts is clearly established and that an officer would be liable if he retaliated

3

against a prisoner for pursuing his right to access the court." *Id.* at 703.  The attempt to access a court was what accorded the conduct First Amendment protection.  *Siggers-El* says nothing pertinent to the present action, in which Plaintiff's complaints connected only to Plaintiff's prison job.

The October 29, 2012, motion to "amend" the motion for reconsideration attempts merely to re-litigate whether Plaintiff threatened to file a grievance.  The district court addressed the issue, which was in any event unnecessary to the court's holding that Defendants enjoy qualified immunity.  (*See* June 29, 2012, Order 7-8, Dkt. # 18.)

All else aside, Local Rule 7.1(h)(3) requires a movant for reconsideration to identify a "palpable," *i.e.*, unmistakable, defect in a ruling.  Plaintiff raises no "palpable defect."  Accordingly,

IT IS ORDERED that Plaintiff's motions for reconsideration [Dkts. # 20, 21] are DENIED.

 s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  November 30, 2012

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, November 30, 2012, by electronic and/or ordinary mail.

 s/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522

S:\Cleland\JUDGE'S DESK\C2 ORDERS\11-13567.AARON.MotReconsideration.ckb.wpd